NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARNOLDO CAMACHO-VASQUEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-71877<br><br>Agency No. A079-803-978<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 28, 2021[**]
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and HUCK,[***] District Judge.

Arnoldo Camacho-Vasquez seeks review of an Immigration Judge's (IJ)

decision affirming an asylum officer's negative reasonable fear determination in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

reinstatement proceedings. We review due process challenges de novo and deny the petition. *Zuniga v. Barr*, 946 F.3d 464, 466 (2019)(per curiam).

Camacho-Vasquez argues that the IJ denied him due process by conducting the reasonable fear review without his counsel present and without first obtaining a proper waiver of the right to counsel. Even assuming there is a right to counsel at this particular type of proceeding, there is no due process violation here because Camacho-Vasquez waived any right to counsel by answering in the affirmative when asked whether he wanted to proceed by himself. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1105 (9th Cir. 2004) ("In order for a waiver to be valid, an IJ must generally: (1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." (citations omitted)). Despite Camacho-Vasquez's urging, *Castro-O'Ryan v. INS*, 847 F.2d 1307 (9th Cir. 1988), is not to the contrary. There, we relied not just on the colloquy but also on the IJ's denial of the petitioner's specific request for a change of venue to secure an attorney. *Id*. at 1311, 1313. Here there was no similar request. Camacho-Vasquez's counsel asserts that Camacho-Vasquez may have been unaware that counsel was not present at the hearing and that Camacho-Vasquez was diagnosed with depression which rendered his waiver unknowing. However, the record does not indicate whether Camacho-Vasquez thought his counsel was present, and there is no evidence that Camacho-Vasquez's depression

2

prevented him from entering a knowing and voluntary waiver.

Camacho-Vasquez also argues that the delay in receiving a reasonable fear determination by an asylum officer violated his due process rights. But Camacho-Vasquez does not assert any prejudice from the delay, and therefore he cannot prevail on this claim. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020).[1]

**PETITION DENIED.**

---

[1] The motion for a stay of removal, Dkt. No. 1, is denied as moot.